IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY : <br> As subrogee of ROBERT and PATRICIA ROEHM : <br> Plaintiff : <br> V. : <br> : <br> ELECTROLUX HOME PRODUCTS, INC. : <br> and : <br> LOWE'S HOME CENTERS, INC. : | CIVIL ACTION <br><br> No. 02-CV-4019 |

### *DEFENDANT, LOWE'S HOME CENTERS, INC., ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES*

Defendant, Lowe's Home Centers, Inc., by and through its counsel, Marshall, Dennehey, Warner, Coleman and Goggin, hereby files this Answer to Plaintiff's Complaint with Affirmative Defenses, and in support thereof, avers as follows:

1. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

2. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

3. Admitted.

4. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

5. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

6. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

7. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

8. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

9. Denied. Answering defendant specifically denies that the dishwasher in question was purchased at Lowe's, and strict proof thereof at the time of trial is demanded. By way of further answer, answering defendant specifically denies that said dishwasher was defective or was the proximate cause of the fire, and strict proof thereof at the time of trial is demanded.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

### *COUNT I*

10. Answering defendant hereby incorporates its answers to paragraphs 1 through 9 above as though the same were fully set forth herein at length.

11. This allegation is directed to a party other than answering defendant, and no response is required.

12. This allegation is directed to a party other than answering defendant, and no response is required.

13. This allegation is directed to a party other than answering defendant, and no response is required.

14. This allegation is directed to a party other than answering defendant, and no response is required.

15. This allegation is directed to a party other than answering defendant, and no response is required.

16. This allegation is directed to a party other than answering defendant, and no response is required.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

## *COUNT II*

17. Answering defendant hereby incorporates its answers to paragraphs 1 through 16 above as though the same were fully set forth herein at length.

18. This allegation is directed to a party other than answering defendant, and no response is required.

19. This allegation is directed to a party other than answering defendant, and no response is required.

20. This allegation is directed to a party other than answering defendant, and no response is required.

21. This allegation is directed to a party other than answering defendant, and no response is required.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

### COUNT III

22. Answering defendant hereby incorporates its answers to paragraphs 1 through 21 above as though the same were fully set forth herein at length.

23. This allegation is directed to a party other than answering defendant, and no response is required.

24. This allegation is directed to a party other than answering defendant, and no response is required.

25. This allegation is directed to a party other than answering defendant, and no response is required.

26. This allegation is directed to a party other than answering defendant, and no response is required.

27. This allegation is directed to a party other than answering defendant, and no response is required.

28. This allegation is directed to a party other than answering defendant, and no response is required.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

### COUNT IV

29. Answering defendant hereby incorporates its answers to paragraphs 1 through 28 above as though the same were fully set forth herein at length.

30. Denied. Answering defendant specifically denies that plaintiff's damages were caused or contributed to by the negligence, carelessness, recklessness, act or omission on the part of answering defendant, and strict proof thereof at the time of trial is demanded. By way of further answer, answering defendant specifically denies that the dishwasher in question was defectively designed, defectively manufactured or not reasonably fit for its intended and safe use, and strict proof thereof at the time of trial is demanded.

31. Denied. Answering defendant specifically denies that plaintiff's damages were caused or contributed to by the negligence, carelessness, recklessness, act or omission on the part of Lowe's, and strict proof thereof at the time of trial is demanded. It is further specifically denied that the dishwasher was unsuitable for its safe and reasonably intended purposes, and strict proof thereof at the time of trial is demanded.

32. Denied. Answering defendant specifically denies each and every allegation of negligence, carelessness and recklessness set forth in paragraphs 32 (a) through (e) of plaintiff's Complaint, and strict proof thereof at the time of trial is demanded. It is further specifically denied that the dishwasher in question was defective, unsafe, susceptible to spontaneous ignition or unsuitable for its reasonably intended purpose, and strict proof thereof at the time of trial is demanded.

33. Denied. Answering defendant specifically denies plaintiff's allegations of agency between answering defendant and unidentified individuals, and strict proof thereof at the time of trial is demanded.

34. Denied. Answering defendant specifically denies that plaintiff's damages, if any, were caused or contributed to by any negligence, carelessness, recklessness, act or omission on the part of answering defendant, and strict proof thereof at the time of trial is demanded.

35. Denied. Answering defendant specifically denies that plaintiff's damages, if any, were caused or contributed to by any negligence, carelessness, recklessness, act or omission on the part of answering defendant, and strict proof thereof at the time of trial is demanded.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

## COUNT V

36. Answering defendant hereby incorporates its answers to paragraphs 1 through 35 above as though the same were fully set forth herein at length.

37. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

38. Denied. Answering defendant specifically denies that the dishwasher in question was wrought with defects which rendered it unreasonably dangerous or hazardous or unsuitable for its ordinary intended and safe use, and strict proof thereof at the time of trial is demanded.

39. Denied. Answering defendant specifically denies that the dishwasher in question was unreasonably dangerous or that it caused or contributed to plaintiff's damages, if any, and strict proof thereof at the time of trial is demanded.

40. Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

41. Denied as a conclusion of law to which no response is required. To the extent that a response is required, answering defendant specifically denies that the dishwasher in question was unreasonably dangerous, and strict proof thereof at the time of trial is demanded.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

## *COUNT VI*

42. Answering defendant hereby incorporates its answers to paragraphs 1 through 41 above as though the same were fully set forth herein at length.

43. Denied as a conclusion of law to which no response is required. To the extent that a response is required, answering defendant specifically denies that the dishwasher in question was not safe, free or defects or was not of merchantable quality or reasonably fit for the purposes for which it was intended in its ordinary and reasonable use, and strict proof thereof at the time of trial is demanded.

44. Denied as a conclusion of law to which no response is required. To the extent that a response is required, answering defendant specifically denies that it sold to Mr. and Mrs. Roehm a dishwasher which was not of merchantable quality and not fit for the particular purposes for which it was intended in its ordinary and reasonable use, and strict proof thereof at the time of trial is demanded.

45. Denied. Answering defendant specifically denies that the product in question was not free of defect or not merchantable quality or reasonably fit and safe for its ordinary use, and strict proof thereof at the time of trial is demanded.

46. Denied as a conclusion of law to which no response is required.

47. Denied. Answering defendant specifically denies that plaintiff's damages, if any, were caused or contributed to by any negligence, carelessness, recklessness, act or omission, strict product liability, or express or implied breach of warranty, and strict proof thereof at the time of trial is demanded.

48.	Denied. After reasonable investigation, answering defendant is without sufficient information or knowledge to admit or deny the truth of this allegation, and therefore the same is denied.

WHEREFORE, answering defendant demands judgment in its favor and against all other parties on the causes of action averred.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The incident described in Plaintiff's Complaint was caused or contributed to by Plaintiff's own negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk.

### FIFTH AFFIRMATIVE DEFENSE

The acts and/or omissions of the other individuals or entities over whom the Answering Defendant had no control constituted an intervening superseding cause of the damages alleged to have been sustained by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Lowe's Home Centers, Inc. was not negligent.

**SEVENTH AFFIRMATIVE DEFENSE**

Any act of Lowe's Home Centers, Inc. alleged to constitute negligence was not a substantial factor in causing the alleged damages.

**EIGTH AFFIRMATIVE DEFENSE**

Any damages or injuries sustained by Plaintiff were not caused by the Answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff was negligent.

**TENTH AFFIRMATIVE DEFENSE**

Answering Defendant denies that it was negligent in any manner whatsoever. Should it be determined to the contrary, then the negligence of Plaintiff or others was comparatively greater than that of the Answering Defendant, causing Plaintiff's claims to be barred or reduced pursuant to the Pennsylvania Comparative Negligence Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of the damages claimed by Plaintiff are not recoverable under the applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if proven, are not recoverable under Pennsylvania's Doctrine of Strict Liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant is not strictly liable pursuant to §402(a) of the Restatement of Torts, Second, to Plaintiff and/or any other person, party or entity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any product produced and/or sold by Answering Defendant was neither defective nor unreasonably dangerous for its intended use when it left the possession of Answering Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any product produced and/or sold by Answering Defendant did not cause or contribute to the cause of the alleged incident and any resultant damages at issue herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any product produced and/or sold by Answering Defendant underwent substantial alteration in its condition after it left the possession of Answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any product produced and/or sold by Answering Defendant as that product existed when it left Defendant's possession and control did not cause or contribute to the cause of the incident described in Plaintiff's Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any product produced and/or sold by Answering Defendant was misused.

### NINETEENTH AFFIRMATIVE DEFENSE

The alleged incident and resulting damages were caused by the conduct and/or products or persons, parties and/or entities other than Answering Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Any products produced and/or sold by Answering Defendant were properly designed, manufactured, tested, inspected and were accompanied by all appropriate, necessary and required warnings and instructions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to attach a copy of the warranty alleged to be at issue in their Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

If the Defendant did extend warranties as alleged, which is denied, then the Answering Defendant did not breach these warranties.

WHEREFORE, Answering Defendant, Lowe's Home Centers, Inc., demands that judgment be entered in its favor and against Plaintiffs and all other parties, together with costs, interest, and counsel fees and any other award this Court deems just and proper.

*CROSSCLAIM DIRECTED TO*
*ELECTROLUX PURSUANT TO PA. R.C.P. 2252(d)*

1.	The well-pleaded averments of plaintiff's Complaint which are directed against other named parties to this action are hereby incorporated solely for the purpose of alleging this crossclaim and without admitting to the truth thereof.

2.	If the incorporated allegations of plaintiff's Complaint are true, it is averred that co-defendant, Electrolux, is alone liable to the plaintiff, all liability on the part of answering defendant being expressly denied.

3.	In the alternative, if it is judicially determined that answering defendant is liable to plaintiff, the same being expressly denied, then co-defendant, Electrolux, is jointly and severally liable along with answering defendant and/or liable over to answering defendant for contribution and/or indemnity.

WHEREFORE, defendant, Lowe's Home Centers, Inc., respectfully requests that judgment be entered in its favor on all crossclaims together with costs and fees, including

attorneys fees and such other relief deemed appropriate by the court.

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN


                      BY: _____
                              JACQUELINE H. CANTER, ESQ.
                              Identification No. 85764
                              1845 Walnut Street
                              Philadelphia, PA  19103
                              (215) 575-2805

                              Attorney for Defendant,
                              Lowe's Home Centers, Inc.

Date:

\01_19\LIAB\JHC\LLPG\322153\JAP\12240\00164

## *VERIFICATION*

_____, being duly sworn according to law deposes and says that he/she is _____ of Lowe's Home Centers, Inc. and that he/she is authorized to take this verification on behalf of Lowe's Home Centers, Inc., and that the facts set forth in the foregoing Answer to Complaint are true and correct to the best of his/her knowledge, information, and belief. This verification is subject to 18 Pa.C.S. §4904 which provides for certain penalties for making false statements.

Dated: _____

_____
NAME:

TITLE:

COMPANY NAME:

ADDRESS:

12240-00164

## *CERTIFICATE OF SERVICE*

I, Jacqueline H. Canter, Esquire, do hereby certify that a true and correct copy of Defendant, Lowe's Home Centers, Inc. Answer to Plaintiff's Complaint was served upon all parties by first class mail on October 8, 2002 at the following addressees:

Norman W. Briggs, Esq.
FREY, PETRAKIS, DEEB, BLUM, BRIGGS & MITTS
1601 Market Street
6th Floor
Philadelphia, PA  19103

Cheryl M. Nicolson, Esquire
MALLON & BLATCHER
12 S. Monroe Street
Media, PA   19063

Respectfully submitted,

_____
JACQUELINE H. CANTER