IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY a/s/o Robert Roehm and Patricia Roehm | : : : | |
| Plaintiff, | : : | C.A. No.  02-CV-4019 |
| v. | : : | |
| ELECTROLUX and LOWE'S HOME CENTERS, INC. | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**PLAINTIFF STATE FARM FIRE & CASUALTY COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL
<u>DISCOVERY AND ASSESSMENT OF ATTORNEY'S FEES</u>**

COMES NOW PLAINTIFF and, pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court for an order compelling Defendant Electrolux to answer discovery and an award of reasonable attorney fees and costs, and in support thereof avers as follows:

**I.    <u>FACTUAL BACKGROUND</u>**

1.  On December 20, 2002, Plaintiff answered Defendant Electrolux's discovery and served Interrogatories and Request for Production of Documents (Discovery Requests) upon Electrolux.  A true and correct copy of the cover letter is attached hereto as exhibit "A."

2.  On February 6, 2003, Plaintiff advised Electrolux that it had not provided answers to discovery and requested Electrolux to do so within 10 days.  A true and correct of the correspondence is attached hereto as Exhibit "B."

3.  On February 10, 2003, counsel for Electrolux notified the

undersigned counsel that draft answers had been prepared and that she hoped to have answers to undersigned counsel shortly. A true and correct copy of the correspondence is attached hereto as Exhibit "C."

    4.    In a letter dated February 24, 2003, Plaintiff advised counsel for Electrolux that discovery had been answered and requested Electrolux's answers by February 28, 2003. A true and correct copy of the letter is attached hereto as Exhibit "D."

    5.    In a letter dated March 7, 2003, Plaintiff confirmed Electrolux's representation that Plaintiff would receive answers to discovery during the week of March 10, 2003. A true and correct copy of the letter is attached hereto as Exhibit "E."

    6.    To date, Defendant Electrolux has made empty promises and failed to answer to discovery as required by the Rules of Civil Procedure.

**II.**    **ARGUMENT**

Rule 37(a) of the Federal Rules of Civil Procedure states that a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery to the Court. Plaintiff respectfully applies for an order, compelling Plaintiff to answer discovery and award Plaintiff reasonable attorney fees and costs incurred in pursuing this action.

Rule 37(a) provides relief to a party seeking discovery against a party who, with or without stated objections, fails to afford discovery sought. Defendant Electrolux has not stated any objections to Plaintiff's Discovery Requests, and has acted without substantial justification.

In order to succeed on a motion to compel discovery, a party must prove that it sought discovery from its opponent. *Petrucelli v. Bohringer and Ratzinger, et al.*, 46 F.3d 1298 (3d Cir. 1995). As set out above, Plaintiff has has properly sought and served Plaintiff with Discovery Requests.

Rule 37 (a) (4) (A) provides that if a motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the part or deponent whose conduct necessitated the motion or the part or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was field without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing part's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. As stated earlier, Plaintiff has satisfied its obligations under Rule 37. In addition, Defendant has provided no objections or justification for its failure to answer discovery.

As shown by the chronology of the events recounted above, Defendant Electrolux in this case consistently violated discovery deadlines. Electrolux did not provide discovery within the period prescribed by Fed.R. Civ. P. 33(a) and 34(b); it did not comply with the extended deadlines to which Plaintiff's counsel afforded it.

Accordingly, Plaintiff has proven it has sought discovery, properly served Defendant Electrolux with discovery, and extended Defendant Electrolux more than one courtesy to answer Plaintiff's Discovery Requests. In addition,

Defendant filed no objections to Plaintiff's Discovery Requests nor provided substantial justification failing to answer discovery.

    WHEREFORE, Plaintiff, respectfully requests this honorable Court grant its Motion to Compel Discovery and compel Defendant Electrolux to answer discovery, and award Plaintiff reasonable attorneys fees and costs for pursuing this action.

                    FREY, PETRAKIS, DEEB, BLUM,
                    BRIGGS & MITTS, P.C.


          By:_____
                STEPHEN J. ALEXANDER
                1601 Market Street, 6th Floor
                Philadelphia, PA 19103
                (215) 563-0500

                Attorney for Plaintiff
                State Farm Fire & Casualty Company

Dated: March 27, 2003